OAK GROVE FIRE PROTECTION DISTRICT, Petitioner-Appellant, v. THE VILLAGE OF BARTONVILLE, Respondent-Appellee.

Third District   No. 3—90—0906

Opinion filed August 23, 1991.

Leiter, Brady & Associates, of Peoria (William C. Connor, of counsel), for appellant.

Roy G. Davis, of Keck, Mahin & Cate, of Peoria (Michael R. Seghetti, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Petitioner, Oak Grove Fire Protection District (the District), appeals from the denial of its petition to prevent the automatic disconnection from the District of territory annexed by respondent, Village of Bartonville (the Village). Because we find the trial court failed to properly apply the statutory provision governing the dis-

connection of fire district territory, we reverse its denial of the petition.

The District is a municipal corporation in Peoria County created for the prevention and control of fire. The District owns neither property nor fire equipment. The District uses its tax revenue to contract with a neighboring fire district for protection. In 1990, the Village annexed parcels of property serviced by the District, leaving within the District only eight homes in two noncontiguous tracts.

This action was filed pursuant to section 20 of the Fire Protection District Act, which provides as follows:

> "Any territory within a fire protection district that \*\*\* has been annexed to a \*\*\* village \*\*\* that provides fire protection for property within such \*\*\* village \*\*\* is, by operation of law, disconnected from the fire protection district \*\*\* after such territory is annexed \*\*\*. Such disconnection by operation of law does *not* occur if \*\*\* the fire protection district files \*\*\* a petition alleging \*\*\* that the loss of assessed valuation by reason of such disconnection will impair the ability of the district to render fully adequate fire protection service to the territory remaining with the district." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 127½, par. 38.3.

Following a hearing, the trial court found that the minimum cost to the District to provide protection to the eight remaining homes was $1,450 in fixed costs, plus contractual costs to the neighboring fire district for the actual protection. The trial court also found that disconnection of the annexed property would result in a loss of approximately 95% of the District's assessed valuation. The court further found that expected tax revenue from the eight homes would be insufficient to meet the District's costs of operation. The record additionally reflects that sufficient revenue could not be generated even if the District levied taxes at the maximum rate allowed.

The court determined that if disconnection of the annexed property occurred, and if the District dissolved, the eight homes not annexed could individually obtain protection at a reasonable cost with the neighboring fire district currently under contract with the District. The court concluded that to prevent disconnection under these circumstances would constitute a "disservice" to the affected property owners, and would only serve to perpetuate an "inefficient" and "impractical" fire protection service.

■■ We find the trial court did not properly apply its findings to section 20 of the Act (Ill. Rev. Stat. 1989, ch. 127½, par. 38.3). In

light of the statutory requirements of the Act, the trial court's decision denying the petition was against the manifest weight of the evidence. The only conclusion we draw from the court's findings is that the expected revenue shortfall upon disconnection would materially impair the District's ability to render fully adequate fire protection service to its remaining territory. Under the Act, this is sufficient to *prevent* disconnection.

■ Regardless of whether disconnection would impair the District's ability to provide protection, the Village contends that the District lost standing to bring this action when its territory was made noncontiguous by earlier annexations. The Village argues that automatic dissolution or disconnection occurs if annexations subsequent to the District's formation destroy the contiguous nature of its territory. Without deciding the Village's objection, we find that this argument was waived at the trial level. Lack of standing is an affirmative defense which will be waived if not raised in a timely fashion in the trial court. *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 508, 524 N.E.2d 561, 582.

■ We recognize that by preventing disconnection of the annexed territory we subject the District's residents to a more costly fire protection service than their neighbors in the Village. Under the facts of this case, we have no choice but to apply the law as enacted by the legislature. The trial court's decision was certainly fair and equitable. However, the case before us is not one in equity. Instead, it is a case of statutory mandate. Accordingly, the trial court decision must be reversed.

The judgment of the circuit court of Peoria County is reversed. Judgment is hereby entered in favor of the District.

Reversed.

BARRY and HAASE, JJ., concur.